Joseph Michael GUARASCIO,
Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 7:09–CR–109–D, 7:11–CV–44–D.

United States District Court,
E.D. North Carolina,
Southern Division.

Feb. 5, 2014.

Ethan A. Ontjes, Shailika K. Shah, U.S. Attorney's Office, Raleigh, NC, for Respondent.

### ORDER

JAMES C. DEVER III, Chief Judge.

On February 9, 2011, Joseph Michael Guarascio ("Guarascio") moved, pursuant to 28 U.S.C. § 2255, to vacate his conviction for manufacturing child pornography. [D.E. 28]; *see* Judgment [D.E. 23]. In his motion, he asserted three claims. *See* [D.E. 28]. On July 23, 2013, the court dismissed Guarascio's claim that his trial counsel was ineffective for failing to advise Guarascio of a possible constitutional chal-

lenge to the child pornography statute as applied to him and his claim of actual innocence. *See* [D.E. 39] 6–8. The court permitted one ineffective assistance of counsel claim to proceed. In that claim, Guarascio asserted that his trial counsel was constitutionally ineffective in failing to advise Guarascio of the grounds to suppress certain evidence seized pursuant to state-court search and seizure warrants. When state officers executed the search and seizure warrants, they discovered evidence used to prosecute Guarascio for sex offenses involving a minor in state and federal court. *See id.* 4–6.

On December 23, 2013, the government moved for summary judgment concerning the sole remaining claim. *See* [D.E. 45]. As part of the motion for summary judgment, the government submitted a detailed affidavit from Guarascio's former trial counsel. *See* [D.E. 46–1]. Guarascio (who is represented by counsel) did not file a response in opposition. As explained below, the court grants the government's motion for summary judgment.

## I.

On August 27, 2009, Guarascio was charged in a criminal information in the Eastern District of North Carolina with manufacturing child pornography, in violation of 18 U.S.C. § 2251(a) and (d). *See* [D.E. 1]. Mark E. Edwards ("Edwards") was Guarascio's court-appointed counsel. Edwards Aff. [D.E. 46–1] ¶ 2. Simultaneously with this federal prosecution, Guarascio "was facing numerous state charges for sexual offenses involving a minor." *Id.* ¶ 3. Counsel Thomas Hicks represented Guarascio concerning the state charges. *Id.* ¶ 4.

On September 21, 2009, Guarascio and Edwards appeared in this court for Guarascio's arraignment. *See* [D.E. 6]. At the arraignment, Guarascio waived indictment and pleaded guilty to the criminal information, pursuant to a written plea agreement. *See* [D.E. 6, 7, 8]. The plea agreement stated that the minimum penalty for manufacturing child pornography is 15 years' imprisonment. *See* [D.E. 8] ¶ 3.a.(6). The court also advised Guarascio of this fact. *See* Arraignment Tr. [D.E. 16] 5.

On November 25, 2009, Edwards moved to withdraw as Guarascio's counsel. *See* [D.E. 11]. On the same date, attorney Marcia G. Shein entered her appearance on his behalf. *See* [D.E. 12]. On November 30, 2009, the court granted Edwards's motion to withdraw. *See* [D.E. 13]. Shein represented Guarascio at sentencing.

On February 9, 2010, the court held the sentencing hearing and adopted the undisputed facts set forth in the presentence investigation report ("PSR"). Sentencing Tr. [D.E. 25] 7; *see* Fed.R.Crim.P. 32(i)(3)(A). The court then calculated the advisory guideline imprisonment range to be 235 to 293 months' imprisonment, based on a total offense level of 38 and a criminal history category of I. *See* PSR ¶ 41; Sentencing Tr. 23–24. The government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. *See* [D.E. 20]; Sentencing Tr. 24–26. The court granted the section 5K1.1 motion, sentenced Guarascio to the mandatory minimum of 180 months' imprisonment, and imposed a life term of supervised release. *See* Judgment [D.E. 23]; Sentencing Tr. 26, 48. Guarascio did not appeal and his time to do so expired no later than March 5, 2010. *See, e.g.,* Fed. R.App. P. 4(b)(1); *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

On February 9, 2011, Guarascio filed a timely motion to vacate his conviction pursuant to 28 U.S.C. § 2255 [D.E. 28]. In his motion, Guarascio asserted that (1) Edwards was ineffective for failing to advise him of the grounds to suppress the evidence seized pursuant to the search and

seizure warrants issued in state court; (2) Edwards was ineffective for failing to advise him of a possible constitutional challenge to the child-pornography statute as applied to him; and, (3) he was actually innocent of manufacturing child pornography. *See* [D.E. 28] 5–16. On June 6, 2011, the government filed a motion to dismiss for failure to state a claim upon which relief can be granted and a supporting memorandum. *See* [D.E. 33, 34]. On June 27, 2011, Guarascio responded in opposition to the motion to dismiss. *See* [D.E. 36].

On July 23, 2013, this court dismissed Guarascio's second and third claims for relief, but permitted the ineffective assistance of counsel claim concerning the state-court search and seizure warrants to proceed. *See* [D.E. 39] 6–8. On December 23, 2013, the government moved for summary judgment [D.E. 45]. In support, the government submitted a memorandum and a detailed affidavit from Edwards. *See* [D.E. 46, 46–1]. Guarascio did not file a response in opposition.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505, but "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106

S.Ct. 1348, 89 L.Ed.2d 538 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

Guarascio contends that Edwards was constitutionally ineffective for failing to advise him of the grounds to suppress the evidence seized pursuant to the state-court search and seizure warrants. *See* [D.E. 28] 5–11. Guarascio asserts that but for Edwards's error, he would not have pleaded guilty without first filing a motion to suppress. *See id.*

▇▇▇ "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 7, 130 S.Ct. 13, 175 L.Ed.2d 255 (2009) (per curiam) (quotation omitted); *see Strickland v. Washington*, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. *See, e.g., Missouri v. Frye*, —— U.S. ——, 132 S.Ct. 1399, 1405, 182 L.Ed.2d 379 (2012); *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 1385, 182 L.Ed.2d 398 (2012); *Smith v. Murray*, 477 U.S. 527, 535–36, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203

(1985); *Fields v. Att'y Gen.*, 956 F.2d 1290, 1296–97 & n. 17 (4th Cir.1992).

■■■ An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the individual. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *see also Frye*, 132 S.Ct. at 1409–10; *Lafler*, 132 S.Ct. at 1384–85; *Hill*, 474 U.S. at 57–58, 106 S.Ct. 366; *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir.2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Moreover, under *Strickland's* performance prong, "the proper standard for attorney performance is that of reasonably effective assistance." *Id.* at 687, 104 S.Ct. 2052. When considering whether an individual has satisfied this requirement, a reviewing court must judge counsel's conduct against "an objective standard of reasonableness." *Bobby*, 558 U.S. at 7, 130 S.Ct. 13 (quotation omitted); *see Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. Counsel necessarily makes numerous tactical decisions during the various phases of a criminal proceeding, including before advising a defendant whether to plead guilty or not guilty. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *see also Premo v. Moore*, 562 U.S. 115, 131 S.Ct. 733, 740–43, 178 L.Ed.2d 649 (2011); *Wiggins v. Smith*, 539 U.S. 510, 521–23, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). Thus, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *see Gray v. Branker*, 529 F.3d 220, 229 (4th Cir. 2008).

■■■ As for *Strickland's* prejudice prong, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052; *see Bobby*, 558 U.S. at 12–13, 130 S.Ct. 13. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. When a defendant alleges ineffective assistance of counsel concerning a guilty plea, he must show that, but for counsel's error, there is a reasonable probability that he would have gone to trial instead of pleading guilty. *See, e.g., Fields*, 956 F.2d at 1297; *cf. Frye*, 132 S.Ct. at 1409–10.

■■■ "[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695, 104 S.Ct. 2052. In analyzing an ineffective assistance of counsel claim, a court may rely on its own familiarity with the case. *See Blackledge v. Allison*, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

■■■ Edwards is a highly experienced criminal defense attorney. *See* Edwards Aff. ¶ 1. When Edwards was appointed to represent Guarascio in connection with an on-going federal child pornography investigation, Guarascio "was facing numerous state charges for sexual offenses involving a minor. He [also] faced potential federal prosecution for multiple charges related to [manufacturing] child pornography." *Id.* ¶ 3. The Assistant U.S. Attorney handling

the criminal case told Edwards that if Guarascio would enter a guilty plea to a violation of 18 U.S.C. § 2251(a) and (d), then the state prosecutor would dismiss all of Guarascio's pending charges, or if Guarascio pleaded guilty in state court, then no federal charges would be filed. *Id.*

Edwards considered whether to file a motion to suppress the evidence seized pursuant to the state-court search and seizure warrants in Guarascio's federal case. *See id.* ¶ 4. During the course of his representation, Edwards communicated with Hicks, Guarascio's counsel on the state charges. *See id.* Hicks provided Edwards a copy of Guarascio's state-court file, and Edwards thoroughly reviewed all of its contents, including the motion to suppress Hicks had filed in the state case and the order denying that motion to suppress. *See id.;* [D.E. 46–2] (December 18, 2008, Motion to Suppress in *State of North Carolina v. Guarascio,* Superior Court, New Hanover County, 08 CRS 63204–06, 63633–34); [D.E. 46–3] (March 26, 2009, Order in *State of North Carolina v. Guarascio,* Superior Court, New Hanover County, 08 CRS 63204–6, 63633–34). Notably, in state court, Hicks moved to suppress the evidence seized pursuant to the search and seizure warrants based on the alleged use of false information in the affidavits in support of the warrants and lack of probable cause. *See* [D.E. 46–2, 46–3]. These are the same grounds that Guarascio now raises in his section 2255 motion. *See* [D.E. 28] 5–11; [D.E. 39] 4–6. Furthermore, on February 11, 2009, and March 23, 2009, the New Hanover County Superior Court held an evidentiary hearing on the motion to suppress. *See* [D.E. 46–3] 1. The New Hanover County Superior Court concluded that even absent the allegedly "false information," "the affidavits for each search warrant did provide a sufficient basis for the Magistrate's issuance of the search warrants on October 23, 2008." *Id.* 6. The New Hanover County

Superior Court also concluded that even absent the allegedly "false information," "the search warrants ... were supported by probable cause" and "[t]he searches were reasonable and were conducted pursuant to valid search warrants." *Id.* Edwards independently researched the issues and came to the same conclusion. *See* Edwards Aff. ¶¶ 4–7.

Edwards discussed the issues surrounding the search and seizure warrants with Guarascio. *See id.* Edwards's discussions with Guarascio about a possible motion to suppress took place in the context of a plea offer from the Assistant U.S. Attorney that would resolve both the federal investigation and the on-going state-court proceedings. Edwards knew that if Guarascio rejected the federal plea offer, he faced prosecution in both state and federal court. *Id.* Edwards also knew that even if he succeeded with a motion to suppress in federal court, Guarascio still faced prosecution in state court, which had denied the motion to suppress. *Id.* Ultimately, Edwards gave Guarascio his best assessment and described that assessment and Guarascio's options to him:

> If he accepted the plea agreement to the federal charge, the state charges would be dismissed. If the information about his employee led to the filing of charges, there was a possibility of the Government filing a motion for a sentence reduction. If he entered a plea to the state charges, no federal charges would be filed. If he rejected the plea to the federal charge, and he did not prevail on a motion to suppress he faced federal and state prosecution. My advice to him was that he should accept the plea to the state charges and avoid federal court. I feared that given the number of images and videos of child pornography found on his computer he faced the real possibility of a longer sentence in federal court than he was being offered

on his state charges. Mr. Guarascio ultimately opted to accept the Government's plea offer. He signed a waiver of indictment and pleaded guilty to a bill of information. His state charges were dismissed. I believe that he fully understood his options and made his choice based on the dynamics of his situation.

*Id.* ¶ 7. In providing advice to Guarascio, Edwards considered that the motion to suppress had failed in state court, would likely fail in federal court, and advised Guarascio not to pursue a motion to suppress in federal court. Edwards provided this advice as part of a larger strategy to secure the lowest sentence possible under the law for Guarascio, who was facing very serious charges in state and federal court, facing very strong evidence, and facing a lengthy prison sentence in each forum. *See id.* ¶¶ 4–7.

 The Sixth Amendment does not require counsel to raise every non-frivolous argument on a client's behalf. *See, e.g., Knowles v. Mirzayance,* 556 U.S. 111, 127, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009). By definition, the Sixth Amendment does not require counsel to raise a meritless argument. *See, e.g., Nelson v. United States,* Nos. 5:10–CR–350–BR, 5:12–CV–609–BR, 2012 WL 5879750, at *2 (E.D.N.C. Nov. 21, 2012) (unpublished). The proposed federal motion to suppress was meritless. Moreover, in light of the unsuccessful motion to suppress in state court, Edwards's advice was reasonable, particularly as part of the larger overall strategy of minimizing Guarascio's time in prison. *See, e.g., Premo,* 131 S.Ct. at 740–43; *Bobby,* 558 U.S. at 11–12, 130 S.Ct. 13; *Knowles,* 556 U.S. at 126–27, 129 S.Ct. 1411; *Florida v. Nixon,* 543 U.S. 175, 187–92, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004); *Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland,* 466 U.S. at 687–91, 104 S.Ct. 2052. On this record, given that Edwards

thoroughly researched the legal and factual issues about the state-court warrants and provided reasonable advice in the context of a sound overall legal strategy, Edwards's decision not to file a motion to suppress was a strategic choice that is "virtually unchallengeable." *Powell v. Kelly,* 562 F.3d 656, 670 (4th Cir.2009) (quotation omitted). Thus, no genuine issue of material fact exists concerning *Strickland's* performance prong.

 Alternatively, Guarascio has failed to demonstrate that he would not have pleaded guilty in federal court, but for counsel's alleged failure to seek to suppress the evidence seized pursuant to the state-court search and seizure warrants. *See, e.g., Bobby,* 558 U.S. at 12, 130 S.Ct. 13; *Knowles,* 556 U.S. at 127–28, 129 S.Ct. 1411; *Strickland,* 466 U.S. at 699–700, 104 S.Ct. 2052. Thus, no genuine issue of material fact exists concerning *Strickland's* prejudice prong, and the government is entitled to summary judgment.

After reviewing Guarascio's claims, the court determines that reasonable jurists would not find the court's treatment of any of Guarascio's claims debatable or wrong, and that none deserve encouragement to proceed further. Thus, the court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## II.

In sum, the court GRANTS the government's motion for summary judgment [D.E. 45] and DISMISSES Guarascio's section 2255 motion [D.E. 28]. The court DENIES a certificate of appealability. The clerk shall close the case.